UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JENNIFER ROSSON, ET AL. | CIVIL ACTION NO: 12-3019 |
| VERSUS | JUDGE DONALD E. WALTER |
| THRIFTY LIQUOR, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Remand [Doc. 9] filed on behalf of Plaintiffs Jennifer Rosson and Walter Rosson. Defendants, Thrifty Liquor, LLC and Thrifty Liquor No. 10, LLC, (collectively "Thrifty") oppose the motion. For the reasons stated herein, Plaintiffs' motion is hereby **DENIED**.

## I. BACKGROUND

Jennifer Rosson and Walter Rosson filed this lawsuit in the 1st Judicial District Court, Caddo Parish, Louisiana on November 2, 2012. Thrifty accepted service of process on November 14, 2012 and removed the action to this Court on December 4, 2012. [Doc. 1 at 1]. Plaintiffs filed the instant Motion to Remand on January 17, 2013, apparently alleging that this Court lacks federal question jurisdiction.[1]

---

[1] Plaintiffs do not directly allege the absence of federal question in their motion or memorandum in support. Rather, they summarize their argument in support of remand as follows:
> Remand is appropriate because Defendants have failed to carry their burden of demonstrating that this case must be heard in Federal Court. All parties to this matter are citizens of the state of Louisiana and thus there is no diversity of citizenship. The majority of Plaintiffs' claims could be tried on their merits alone in state court without their federal counterparts. The issues of Louisiana state law are essential to Plaintiffs' claims and these claims should be heard in state court, which was Plaintiff's [sic] venue of choice.

[Doc. 11 at 1].

Plaintiffs allege that, while working for Thrifty, Jennifer Rosson became pregnant with her husband's child. During this time, Mrs. Rosson asked to sit on a stool while working the cash register and for intermittent breaks during the day. She alleges that, although breaks were frequently given to Thrifty employees who smoked, Mrs. Rosson was told to go home without pay whenever she took breaks. She further alleges that her requests to sit on a stool while working the cash register were denied.

At some point during her pregnancy, Mrs. Rosson had a stillborn birth of her child. Plaintiffs claim the stillbirth was caused by "stress and discomfort from her job" and therefore was a proximate result of Thrifty's alleged failure to make reasonable accommodations for Mrs. Rosson. Accordingly, Plaintiffs have filed claims for pregnancy discrimination under federal and state laws, and wrongful death under Louisiana law.

Thrifty removed the action to this Court, alleging federal question jurisdiction over the federal employment law claims and supplemental jurisdiction over Plaintiffs' state law claims.

## II. LAW AND ANALYSIS

A civil action may be removed if the federal court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

In this case, Plaintiffs allege that Thrifty "violated both the Louisiana Employment

Discrimination Law (LEDL) and the **Federal Pregnancy Discrimination act** by making accommodations for one disabled class of employees, tobacco users, while failing to make reasonable accommodations for another protected class, pregnant women." [Doc. 1-1 at 2] (emphasis added). The complaint clearly alleges a violation of federal law. Therefore, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

Where a federal district court has original jurisdiction, the court may also exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. In this case, Plaintiffs rely on the same essential facts for the federal and state claims: Thrifty failed to provide reasonable accommodation to Mrs. Rosson while she was pregnant. Accordingly, Plaintiffs' state law claims fall within this Court's supplemental jurisdiction.

Section 1367 gives a district court discretion to decline to exercise supplemental jurisdiction in four situations. 28 U.S.C. § 1367(c). The Plaintiffs presumably would argue—if they addressed supplemental jurisdiction in their brief—that the Court should decline to exercise supplemental jurisdiction in this case under 28 U.S.C. § 1367(c)(2): "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." For reasons of judicial efficiency, the Court declines to do so.

### III. CONCLUSION

Plaintiffs' petition alleges a violation of the Federal Pregnancy Discrimination Act, giving rise to federal question jurisdiction under 28 U.S.C. § 1331. The Court also finds that Plaintiffs' state law claims are part of the same case and controversy as the federal claims, giving rise to

supplemental jurisdiction under 28 U.S.C. § 1367. For these reasons, Plaintiffs' Motion to Remand [Doc. 9] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 9th day of May, 2013.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE