RECEIVED
DEC 04 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JENNIFER ROSSON AND WALTER ROSSON | CIVIL ACTION NO: 12-3019 |
| VERSUS | JUDGE DONALD E. WALTER |
| THRIFTY LIQUOR, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. #32] filed by the Defendants, Thrifty Liquor Holding Company, LLC and Thrifty Liquor No. 10, LLC (herein collectively referred to as "Thrifty Liquor"). Plaintiff, Jennifer Rosson, opposes the motion.[1] For the reasons assigned herein, Defendants' motion is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

## STATEMENT OF THE CASE

Jennifer Rosson and her husband, Walter Rosson, filed suit against Thrifty Liquor in the First Judicial District Court, Caddo Parish, Louisiana. Thrifty Liquor removed the claim to federal court pursuant to 28 U.S.C. § 1331. [Doc. #1]. Mrs. Rosson previously worked as a cashier in one of Thrifty Liquor's Shreveport, Louisiana stores. Mrs. Rosson was pregnant during a portion of her employment with Thrifty Liquor. The Rossons alleged that Thrifty Liquor failed to provide Mrs. Rosson with two reasonable accommodations related to her pregnancy; taking short breaks throughout the day and allowing her to sit on a stool while working the cash register. The Rossons also alleged that the lack of reasonable accommodations ultimately lead to such stress that Mrs.

---

[1] Walter Rosson voluntarily dismissed his claims against Thrifty Liquor. [Doc. #37].

Rosson delivered a still birth child. Mrs. Rosson has dismissed her claim regarding her still birth child. The only remaining issues for the court's consideration are Mrs. Rosson's claims under the federal Pregnancy Discrimination Act and Louisiana's pregnancy discrimination law.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a

mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

**I.     Plaintiff's claims under the federal Pregnancy Discrimination Act.[2]**

Congress amended Title VII by adding the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), to prohibit sex discrimination on the basis of pregnancy. *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 671 (1983). A claim under the Pregnancy Discrimination Act "is analyzed like Title VII discrimination claims in general." *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). Title VII requires all plaintiffs to exhaust their

---

[2] Plaintiff alleged in her complaint that she was a "temporarily disabled employee" under federal law, yet she alleges that Thrifty Liquor violated the federal Pregnancy Discrimination Act rather than the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff's improper blending of two separate federal discrimination claims based on her alleged "temporary disability" due to her pregnancy does not change the court's analysis because the ADA incorporates by reference all procedures set forth in Title VII, including the requirement to file a Charge of Discrimination prior to filing a lawsuit. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996).

administrative remedies before filing a lawsuit. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC (or corresponding state agency) and receives a statutory notice of a right to sue. *Id.* "Although the filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in the district court." *Id.* (citing *Dao*, 96 F.3d at 789). Moreover, even when a plaintiff properly pursues her administrative remedies and has received a "right to sue letter" from the EEOC her lawsuit may only encompass the allegations included in her "Charge of Discrimination" or from information obtained during the scope of the investigation of the charge. *National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994).

Thrifty Liquor argues that Plaintiff's Title VII claims must be dismissed because she never filed a Charge of Discrimination with the EEOC or the Louisiana Commission on Human Rights, or any other state or local agency. Plaintiff admitted during her deposition that she made no such filing. [Doc. #32-4, pg 15-16]. She repeated the admission in her Statement of Uncontested facts. [Doc. #37]. The court need not delve any further. Plaintiff is precluded from filing a Title VII lawsuit, including the Pregnancy Discrimination Act, until she has exhausted her administrative remedies. Her claim must be dismissed without prejudice.[3]

## II. Plaintiff's claims under the Louisiana's Employment Discrimination Law.

The Louisiana Employment Discrimination law, La. R.S. 23:301 *et seq*, sets forth causes of actions under state law for alleged discrimination by an employer. While a plaintiff does not have

---

[3] The court must dismiss Plaintiff's federal Pregnancy Discrimination Act claim without prejudice. However, the court notes that the dismissal is the equivalent of a dismissal with prejudice because in a "deferral state" such as Louisiana, Plaintiff must have filed her Charge of Discrimination within 300 days of the alleged discrimination. *Hertz v. Administrators of Tulane Educational Fund*, 275 Fed. Appx. 281, 287 (5th Cir. 2008). More than 300 days has passed since Plaintiff's last day of employment with Thrifty Liquor on March 14, 2012.

to file a Charge of Discrimination with the EEOC or the Louisiana Commission on Human Rights, she is required to provide written notice to her employer at least thirty days prior to filing suit. Specifically, the act provides:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

La. R.S. 23:303(C).

Thrifty Liquor argues that Plaintiff's state law claim for pregnancy discrimination must also be dismissed because she failed to provide notice as required by the statute before filing her lawsuit. [Doc. #32]. Thrifty Liquor notes that counsel propounded discovery on April 15, 2013, including a request for production of "all correspondence and/or related documents which you have received from or sent to [Thrifty] or representatives or employees of [Thrifty]." [Doc. #32; Doc. #22-3 Request for Production No. 8].

In opposition, Plaintiff states that by letter dated March 12, 2012, her attorney provided proper notice to Thirfty Liquor of her intention to file a lawsuit. [Doc. #38]. A copy of the letter is attached to Plaintiff's brief. Subsequently, Thrifty Liquor filed a reply brief wherein they argue that the letter is not competent summary judgment evidence because the letter is unauthenticated and unsigned. [Doc. #39]. Thrifty Liquor also argues that despite the interrogatory noted *supra*, the March 12, 2012 representation letter was not produced during discovery.[4] Thrifty Liquor objects to the letter being admitted into evidence and moves for it to be stricken from the record. *Id.*

Thrifty Liquor correctly notes that for documents to be admissible for summary judgment

---

[4] Although not necessary to the Court's analysis, Thrifty Liquor also provides an affidavit from Michael Labban, the addressee, who denies receiving the letter. [Doc. #39, Affidavit of Michael Labban].

5

purposes they must be authenticated by an affidavit. *Elwalkin v. Target Media Partners Operating Co.*, 901 F.Supp.2d 730, 742 (E.D. La. 2012). Additionally, evidence that is not produced during discovery may not be admitted at trial unless such error was harmless. Fed. R. Civ. P. 37. Given the gravity of the notice requirement, the court cannot say that Plaintiff's omission was harmless. Thrifty Liquor's objection to the letter is hereby **SUSTAINED**, and the March 12, 2012 letter is **STRICKEN** from the record.

Accordingly, the court concludes that Plaintiff did not provide proper notice to Thrifty Liquor prior to commencing her lawsuit. Therefore, Plaintiff's state law discrimination claim is premature and must be dismissed without prejudice. *See Casey v. Livingston Parish Communications Dist.*, 476 F. Supp. 2d 600, 608 (W.D. La. 2007), affirmed 2009 WL 577756 (5th Cir. 2009).

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. #32] is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED**, this 4 day of December, 2013.

*Donald E. Walter* (signature)

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE